## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| DONALD BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-700-SLP |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Upon review of the docket, the Court issues this Order to (1) set the case for a status/scheduling conference, and (2) to clarify representation of Plaintiff Donald Bailey.

**I.      Status/Scheduling Conference**

This case is set for a Status/Scheduling Conference on **August 5, 2025 at 11:30 A.M.** in Courtroom 304.  The parties are required to file the **Joint Status Report and Discovery Plan** not later than **<u>July 29, 2025</u>**.  *See* LCvR 16.1(a)(1) and *Appendix II.*

**Status Conferences will be held in person unless otherwise directed by the Court**.  In appropriate cases, the Court may conclude a formal status conference is unnecessary and will proceed with entry of a Scheduling Order based solely on the information provided in the Joint Status Report and Discovery Plan.  If a Scheduling Order is entered prior to the conference, the conference is deemed stricken.

The conference shall be attended by counsel with authority to make appropriate decisions and by any *pro se* litigants, at the time indicated above.  *See* LCvR 16.1(b)(4).

## II.    Counsel for Plaintiff

Upon review of the docket, the Court is unclear as to the status of representation for Plaintiff Donald Bailey by attorney, Mr. Levi Baker.  *See* [Doc. No. 1-2] at 4 (Mr. Baker signed the state court petition, noting "this document has been drafted for a pro se litigant with limited scope representation.  No appearance is entered as counsel of record.").  While the Court recognizes that Rule 33 of the Rules for District Courts of Oklahoma[1] permits attorneys to draft pleadings for a pro se litigant pursuant to a "limited scope representation," the local rules of this Court do not have the same allowance.  *See e.g.*, LCvR 83.4 ("An attorney appearing for a party in a civil case shall enter an appearance by signing and filing an entry of appearance on the form prescribed by the clerk of this court."); *but see Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) (holding "any ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved").

Accordingly, if Plaintiff is represented by counsel, his counsel shall file an entry of appearance within 7 days of this Order, or by July 23, 2025.  If no appearance is filed, Plaintiff will be deemed as proceeding pro se.

---

[1] Rule 33 of the Rules for District Courts of Oklahoma states:

> A lawyer providing limited scope representation under Rule 1.2 (c) of the Oklahoma Rules of Professional Conduct may draft pleadings or other documents for a pro se litigant to file with or present to a district court without the lawyer entering an appearance in the matter. A lawyer shall disclose such assistance by indicating their name, address, bar number, telephone number, other contact information and, optionally, a signature on said pleading or other document with the phrase "No appearance is entered as counsel of record."

IT IS SO ORDERED this 16th day of July, 2025.


SCOTT L. PALK
UNITED STATES DISTRICT JUDGE